[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12752
Non-Argument Calendar
_____

D.C. Docket No. 9:12-cv-81401-DMM

PORTIA SURTAIN,

                                        Plaintiff - Appellant,

versus

HAMLIN TERRACE FOUNDATION,
d.b.a. Hamlin Place of Boynton Beach,

                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 16, 2015)

Before TJOFLAT, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

      Portia Surtain appeals the District Court's order denying her motion for a default judgment and *sua sponte* dismissing with prejudice her second amended

complaint. Surtain's complaint contains essentially three claims. First, she alleges that her former employer, Hamlin Terrace Foundation, discriminated against her on the basis of race (she is African-American) by handling her request for medical leave differently than it did the requests of white employees, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1991 ("Section 1981"), 42 U.S.C. § 1981; and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.10. Second, she alleges that Hamlin discriminated against her on the basis of disability by terminating her employment when it discovered she had a medical disability, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Finally, she alleges that Hamlin interfered with, or retaliated against her for exercising, her right to take medical leave by providing inadequate paperwork and then firing her, in violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq*. We conclude that the District Court evaluated Surtain's race- and disability-discrimination claims under the wrong standard, but that even under the right standard, her complaint plainly fails to make out a claim of disability discrimination. We also conclude that the court improperly dismissed the interference portion of her FMLA claim without giving her notice and an opportunity to respond, though it properly dismissed the retaliation portion of this claim. Accordingly, we affirm in part and vacate and remand in part.

I.

Surtain filed her initial complaint on December 21, 2012.[1] After Hamlin failed to respond in a timely manner, Surtain obtained an entry of default against Hamlin from the Clerk of Court. She then moved the District Court to enter a default judgment against Hamlin. Hamlin failed to respond to this motion or to the District Court's order to show cause why Surtain's motion should not be granted. The court dismissed Surtain's race- and disability-discrimination claims with leave to amend, finding that she had failed to allege facts sufficient to withstand a dismissal under Federal Rule of Civil Procedure 12(b)(6), and thus to support the entry of judgment. The District Court found that the complaint did state a valid FMLA claim, however, and concluded that Surtain was entitled to judgment on this claim.[2]

---

[1] We note that Surtain's initial complaint, like her first and second amended complaints, is a shotgun pleading. The second amended complaint contains five counts: Count I, a claim of race discrimination under Title VII; Count II, the same claim of race discrimination under 42 U.S.C. § 1981; Count III, a claim under the ADA; Count IV, a FMLA claim, and Count V, a FCRA claim. Twenty paragraphs of factual allegations precede Count I and are incorporated into that count by reference. Count II thereafter incorporates by reference Count I, and each of Counts III through V incorporate by reference all preceding counts. The upshot is that all counts incorporate factual allegations that are plainly immaterial to the claims the respective counts purport to state. On remand, we suggest that the District Court order plaintiff's counsel to replead the claims that survive, including in each count only the facts germane to the respective claim.

[2] This was a provisional ruling, because, as noted *infra*, the court subsequently determined that service of process had been inadequate.

Surtain filed an amended complaint, to which Hamlin again failed to respond. Surtain sought and received another entry of default from the Clerk, and moved a second time for default judgment. The District Court then called a status conference, at which the court inquired as to both the manner of service of process and the nature of Surtain's claims in general. On the latter point, the court expressed doubts as to the viability of (1) Surtain's disability-discrimination claim, given that she had neither informed Hamlin of the nature of her disability or afforded it an opportunity to provide a reasonable accommodation, and (2) her race-discrimination claims, noting that she was required to point to substantially similar comparators who had received different treatment.

At the conclusion of the conference, the District Court concluded that neither the initial complaint nor the amended complaint were properly served, denied Surtain's second motion for entry of default judgment, and ordered her to re-serve Hamlin. Surtain promptly filed a second amended complaint, which she properly served on Hamlin's registered agent, and in which she provided a modicum of additional information about her disability. After Hamlin again failed to respond, and Surtain again obtained an entry of default from the Clerk, Surtain filed a third motion for entry of default judgment as to liability.

After reviewing the allegations of the complaint, the District Court denied the motion. Regarding the race-discrimination claims, the District Court held that,

even taking the well-pleaded factual allegations in the complaint as true, Surtain failed to make out a prima facie case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).[3] The court held that the second amended complaint failed to allege enough factual matter to support the conclusion that the white employees who Surtain claimed received different treatment were similarly situated.

Regarding Surtain's disability-discrimination claim, the District Court similarly found that her complaint failed to make out a prima facie case under *McDonnell Douglas*. The court first concluded that she was not a "qualified individual" under the ADA because she failed to adequately plead that she could have performed her job had she been afforded a reasonable accommodation. Alternatively, the court found that she had not delineated her job responsibilities or alleged the length of time between her initial request for medical leave and her diagnosis. Without this information, the court concluded, it was impossible to ascertain whether an accommodation would have been reasonable or not.

Regarding Surtain's FMLA claim, the District Court held that the complaint failed to allege sufficient facts to support recovery. Specifically, Surtain failed to

---

[3] A plaintiff may use circumstantial evidence to establish a prima facie case of race discrimination under *McDonnell Douglas* by showing by a preponderance of the evidence that: "(1) he belongs to a racial minority; (2) he was subjected to adverse job action; (3) his employer treated similarly situated employees outside his classification more favorably; and (4) he was qualified to do the job." *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997) (per curiam).

adequately plead that she was an eligible employee under the FMLA, because the complaint did not allege that she had worked for Hamlin for at least 1,250 hours during the previous twelve months. Nor did it contain any facts supporting her conclusory allegation that Hamlin was a covered employer under the FMLA.

Finding the allegations of the complaint insufficient to justify entry of judgment on Surtain's claims for relief, the District Court denied her motion for default judgment and dismissed her case with prejudice. The court declined to permit Surtain to amend her complaint, noting that it had already granted her leave to do so twice.

Surtain raises two issues on appeal. First, she argues that the District Court erred in denying her motion for default judgment, arguing that the factual allegations in her complaint were sufficient to support the claims she asserted. Second, she argues that the court's *sua sponte* dismissal of her complaint was procedural error because she was not given notice of the court's intent to dismiss or an opportunity to amend her complaint. We will address each argument in turn.

## II.

We review the denial of a motion for default judgment for abuse of discretion. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002). "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows

improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1068 (11th Cir. 2014) (quotation marks omitted).

When a defendant has failed to plead or defend, a district court may enter judgment by default. Fed. R. Civ. P. 55(b)(2).[4] Because of our "strong policy of determining cases on their merits," however, default judgments are generally disfavored. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). "[W]hile a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (alteration omitted) (quotation marks omitted). Entry of default judgment is only warranted when there is "a sufficient basis in the

---

[4] The relevant portion of Rule 55 of the Federal Rules of Civil Procedure reads:

(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) Entering a Default Judgment.

(1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) By the Court. In all other cases, the party must apply to the court for a default judgment. . . .

7

pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[5]

Although *Nishimatsu* did not elaborate as to what constitutes "a sufficient basis" for the judgment, we have subsequently interpreted the standard as being akin to that necessary to survive a motion to dismiss for failure to state a claim. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim."). Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim. *See Wooten v. McDonald Transit Assocs., Inc.*, 775 F.3d 689, 695 (5th Cir. 2015) (stating in the context of a motion for default judgment, "whether a factual allegation is well-pleaded arguably follows the familiar analysis used to evaluate motions to dismiss under Rule 12(b)(6)").

When evaluating a motion to dismiss, a court looks to see whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). This

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965).

We turn our attention to the claims that the District Court dismissed under Rule 12(b)(6): the race-discrimination claims[6]; the disability-discrimination claim; and the FMLA claim.

A.

Title VII provides that it is unlawful for an employer to discriminate against an employee because of the employee's race. *See* 42 U.S.C. § 2000e-2(a)(1); *see also* 42 U.S.C. § 2000e-2(m) (prohibiting employers from using race as a "motivating factor" in formulating employment practices ). To state a race-discrimination claim under Title VII, a complaint need only "provide enough factual matter (taken as true) to suggest intentional race discrimination." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (quotation marks omitted) (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965). The complaint "need not allege facts sufficient to make out a classic *McDonnell*

---

[6] Surtain alleged race-discrimination claims under Title VII, Section 1981, and the FCRA. Because the same analytical framework and proof requirements that apply to employment discrimination claims under Title VII also apply to discrimination claims under Section 1981, *see Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1325 n.14 (11th Cir. 2011), and the FCRA, *see Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998), for convenience, we consider Surtain's race-discrimination claims under the rubric of Title VII.

*Douglas* prima facie case." *Id.* (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002)). This is because *McDonnell Douglas*'s burden-shifting framework is an evidentiary standard, not a pleading requirement. *Swierkiewicz*, 534 U.S. at 510, 122 S. Ct. at 997. Accordingly, a court may properly enter default judgment on a claim of racial discrimination when the well-pleaded factual allegations of a complaint plausibly suggest that the plaintiff suffered an adverse employment action due to intentional racial discrimination.

The District Court did not use the *Iqbal*/*Twombley* plausibility standard to determine whether to enter default judgment on Surtain's race-discrimination claims. Instead, the District Court held that Surtain "fail[ed] to plead a valid claim for relief," because she had not made out a prima facie case of racial discrimination under *McDonnell Douglas*. In applying the wrong legal standard, the District Court abused its discretion. *See Aycock*, 769 F.3d at 1068. We therefore vacate the District Court's denial of default judgment as to Surtain's race-discrimination claims and remand for reconsideration under the correct standard.

B.

The ADA prohibits employers from discriminating against disabled employees. 42 U.S.C. § 12112(a). To state a discrimination claim under the ADA, a plaintiff must allege sufficient facts to plausibly suggest "(1) that he suffers from

10

a disability, (2) that he is a qualified individual, and (3) that a 'covered entity' discriminated against him on account of his disability." *Cramer v. Fla.*, 117 F.3d 1258, 1264 (11th Cir. 1997). The ADA defines "disability" to include: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2); *see also* 29 C.F.R. § 1630.2(g). For purposes of the ADA, a qualified individual is one "who, with or without reasonable accommodation, can perform the essential functions" of her employment. 42 U.S.C. § 12111(8).

Here again, the District Court erred by denying Surtain's motion for default judgment for failing to make out a prima facie case under *McDonnell Douglas*. As discussed above, the correct inquiry in the context of a motion for a default judgment is whether the plaintiff has alleged sufficient facts to state a plausible claim for relief. *See supra* part II.A.

We conclude, however, that even under the appropriate standard, Surtain's complaint is insufficient. According to the complaint, Hamlin was privy to the following information: that Surtain had visited a doctor for unknown health issues, and that the doctor had concluded that Surtain could not return to work until further notice. Surtain suggests that, solely on the basis of these two facts, Hamlin believed her to be suffering from a disability—not just any medical condition, but

11

one that substantially limited a major life activity, *see* 42 U.S.C. § 12102(2)—and decided to terminate her employment on that basis.  We do not believe such a conclusion plausibly follows from these allegations.  Knowledge that an employee has visited a doctor and receipt of a conclusory doctor's excuse, without more, do not plausibly underpin an employer's perception that the employee suffers from a disability.  Surtain's complaint failed to state a discrimination claim under the ADA, and thus she was not entitled to default judgment on that claim.

C.

The FMLA protects employees against interference with the exercise or attempted exercise of their substantive rights under the statute.  29 U.S.C. § 2615(a)(1).  This prohibition has also been interpreted to provide protection against retaliation for exercising or attempting to exercise rights under the statute.[7]

---

[7] We note that there are technically three types of employee activity that can give rise to a retaliation claim under the FMLA.  The first is opposing or complaining about any unlawful practice under the Act.  29 U.S.C. § 2615(a)(2); 29 C.F.R. § 825.220(a)(2).  The second is filing a charge or participating in any inquiry or proceeding under the Act.  29 U.S.C. § 2615(b); 29 C.F.R. § 825.220(a)(3).  The third is exercising or attempting to exercise FMLA rights.  *See* 29 C.F.R. § 825.220(c).  This last type, while not explicitly mentioned in the text of the statute, has been grounded in the Act's prohibition against interference with an employee's exercise or attempted exercise of rights provided by the Act.  *Id. See Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 160 n.4 (1st Cir. 1998); *see also Brungart v. BellSouth Telecommunications, Inc.,* 231 F.3d 791, 798 n.5 (11th Cir. 2000) ("The statute itself uses the language of interference, restraint, denial, discharge, and discrimination, not retaliation.  But nomenclature counts less than substance.  And the substance of the FMLA provisions as they concern this case is that an employer may not do bad things to an employee who has exercised or attempted to exercise any rights under the statute.").  Surtain does not allege that she opposed or complained about an unlawful practice under the Act, or filed a charge or participated in any proceeding under the

*See* 29 C.F.R. § 825.220(c). To state a claim of interference, the employee must allege that he was entitled to a benefit under the FMLA and was denied that benefit. *Strickland v. Water Works and Sewer Bd. of Birmingham*, 239 F.3d 1199, 1206–07 (11th Cir. 2001). To state a claim for retaliation, an employee must allege sufficient facts to plausibly suggest that: "(1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment decision; and (3) that the decision was causally related to the protected activity." *Id.* at 1207. To recover on either an interference or a retaliation claim under the FMLA, the employee must have been employed for at least twelve months by the employer and worked at least 1,250 hours during the previous twelve-month period. *See* 29 U.S.C. § 2611(2)(A). The FMLA only applies to private-sector employers with fifty or more employees. *Id.* § 2611(4)(A).

Surtain alleged generally that she was a covered employee and that Hamlin was a covered employer for the purposes of the FMLA, but such conclusory allegations are an insufficient basis upon which to enter default judgment, *see Cotton*, 402 F.3d at 1278; *see also Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–

---

Act. Thus, any alleged retaliation by Hamlin must be for exercising or attempting to exercise rights under the Act.

That said, it is not at all clear that Surtain alleges a separate retaliation claim under the FMLA, apart from her interference claim. We address this claim out of an abundance of caution.

13

65. Well-pleaded *facts* are required. Surtain did allege that she was employed by Hamlin from 2006–2010, thereby meeting the twelve-month employment requirement to be a covered employee, but she did not allege that she had worked at least 1,250 hours during the previous twelve-month period. Nor did she allege any facts about how many people Hamlin employed to support her conclusory allegation that Hamlin is a covered employer. Because Surtain's complaint contained insufficient allegations to state a plausible claim under the FMLA, the District Court correctly denied her motion for default judgment on that ground.

## III.

In light of our disposition, we need only address Surtain's argument of procedural error as it relates to her disability-discrimination and FMLA claims. Prior to dismissing an action on its own motion, a court must provide the plaintiff with notice of its intent to dismiss and an opportunity to respond. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011); *see also Jefferson Fourteenth Assocs. v. Wometco de P.R., Inc.*, 695 F.2d 524, 527 (11th Cir. 1983) ("The rule that emerges from these cases is that courts exercise their inherent power to dismiss a suit that lacks merit only when the party who brought the case has been given notice and an opportunity to respond."). An exception to this requirement exists, however, when amending the complaint would be futile, or when the complaint is patently frivolous. *See Tazoe*, 631 F.3d at 1336.

14

Although the District Court cited the fact that it had previously given Surtain leave to amend as reason to dismiss her complaint with prejudice, the court never gave Surtain notice that her FMLA claim was deficiently pled.  At the status conference, the court indicated that it had concerns as to the sufficiency of the factual allegations of Surtain's race- and disability-discrimination claims but expressed no concerns about the sufficiency of her FMLA claim.  In fact, the court originally entered judgment for Surtain on this claim.

Surtain's FMLA claim is not patently frivolous, and allowing her an opportunity to amend her *interference* claim would not appear to be futile. However, allowing leave to amend the *retaliation* claim, assuming Surtain intended to plead one, *see supra* note 7, *would* be futile.  Any inference that Hamlin fired Surtain in retaliation for requesting FMLA paperwork is belied by the facts alleged in her complaint.  According to the complaint, Hamlin actively sought to assist Surtain in completing the forms.  Hamlin twice requested information necessary to complete the FMLA medical certification from Surtain's physician. Hamlin even contacted Surtain after providing the forms to inquire about her progress completing them.  Surtain was eventually terminated for being absent from work for ten days without filing a written request for leave, as required by Hamlin's employee leave policy.  If, as the complaint alleges, Hamlin purposefully failed to provide sufficient information for Surtain to fill out her FMLA

paperwork, Hamlin might be liable for interfering with Surtain's rights under the FMLA, but not for retaliating against her. Accordingly, the District Court erred in dismissing Surtain's interference claim without granting her leave to address the identified pleading deficiencies, but did not err in dismissing her retaliation claim, because granting leave to amend that claim would be futile.

In contrast, the District Court *did* give Surtain notice of the deficiencies of her claim of disability discrimination. When the court initially denied default judgment on Surtain's disability claim, it explained that she had failed to allege sufficient facts to support each element of an ADA claim, and granted her leave to replead. Moreover, the District Court expressed these same concerns in greater detail at the status conference, stating that it was unclear from the complaint what disability Surtain was alleging, and whether Hamlin ever believed her to have a disability. Surtain failed to correct these deficiencies even after being put on notice, thus the District Court did not err in dismissing her disability-discrimination claim.

## IV.

In sum, we AFFIRM the District Court's denial of default judgment and dismissal of Surtain's disability-discrimination and FMLA retaliation claims. We VACATE the District Court's dismissal with prejudice of Surtain's race-discrimination and FMLA interference claims, as well as its denial of default

judgment as to the race-discrimination claim and REMAND for further proceedings consistent with this opinion.